IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

DAN SILVER,

                Plaintiff,                                No. CV-11-92-HZ

    v.

                                                   ORDER

BRENNAN J. MITCHELL, KARIN J.
IMMERGUT, and CASCADIA
BEHAVIORAL HEALTH, INC.,

                Defendants.

Dan Silver, Pro Se
12231 SE Kelly St.
Portland, OR 97236

       Pro Se Plaintiff

Kenneth C. Crowley
OREGON DEPARTMENT OF JUSTICE, TRIAL DIVISION
1162 Court Street, NE
Salem, OR 97301-4096

       Attorney for Defendant Karen J. Immergut

1 - ORDER

Bruce A. Jones
MULTNOMAH COUNTY ATTORNEYS OFFICE
501 SE Hawthorne Blvd, Suite 500
Portland, OR 97214

      Attorney for Defendant Brennan J. Mitchell

LeAnn McDonald
SCHULTE, ANDERSON, DOWNES, ARONSON & BITTNER P.C.
811 SW Naito Parkway, Ste 500
Portland, OR 97204

      Attorney for Defendant Cascadia Behavioral Health, Inc.


HERNANDEZ, District Judge:

      Plaintiff Dan Silver ("Silver" or "Plaintiff"), proceeding pro se, brings this action against defendants Brennan J. Mitchell ("Mitchell"), Judge Karin J. Immergut ("Judge Immergut"), and Cascadia Behavioral Health, Inc. ("Cascadia").  Now before me is Judge Immergut's Renewed Motion to Dismiss ("Motion to Dismiss") (doc. #34) pursuant to the Federal Rules of Civil Procedure ("Rule") 12(b)(1) and (b)(6).  For the reasons that follow, Judge Immergut's Motion to Dismiss is granted.

## BACKGROUND

      Plaintiff entered into a Petition to Plead No Contest and Waiver of Jury or Court Trial ("No Contest Plea") on October 23, 2009, in Multnomah County Circuit Court to a violation of a court stalking order, a Class A misdemeanor.  Aff. of Counsel in Supp. of Mot. to Dismiss ("Crowley Aff."), Ex. 2, p. 1-3.  Based on Plaintiff's No Contest Plea, Judge Immergut entered judgment against Plaintiff that same day, October 23, 2009, requiring him to "continue mental

2 - ORDER

health treatment at Cascadia" and sentencing Plaintiff to bench probation for a term of one year.[1]
<u>See</u> Id., Ex. 3, p. 1.

In violation of Judge Immergut's order to continue mental health treatment, Plaintiff "refused his psychiatric injection" on July 6, 2010, and July 8, 2010.  Id., Ex. 4, p. 1.  On September 16, 2010, Judge Immergut issued an Order & Judgment Continuing Probation, finding Plaintiff in violation of his probation for failing to take his medications.  Id., Ex. 5, p. 1.  She ordered that his probation be extended to October 22, 2011, and that he continue taking his medications.  Id.

On January 25, 2011, Plaintiff filed this action in the United States District Court for the District of Oregon ("District of Oregon").  Since filing his first complaint, Plaintiff has filed three amended complaints.  His second amended complaint filed on February 17, 2011, alleges that this action "involves a personal injury law suit [sic] as a result of the judgment handed down to [him] by Karen Immergut in [sic] October 22, 2009."  <u>See</u> Second Am. Compl., p. 1.  It further alleges that this court has "jurisdiction over this matter, since . . . Karin Immergut . . . ha[s] issued a restraining order[,] . . . [a] verbal threat[,] . . . [a]nd will not allow [him] to be heard in the lower court."  Id., p. 2.  He seeks "a new trail [sic] in the alleged protective order violation proceeding.  Or have the matter dismissed[.]"  Id.

## STANDARDS

On a motion to dismiss, the court must review the sufficiency of the complaint.  <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974).  All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party.  <u>Am. Family Ass'n, Inc. v. City &</u>

---

[1] Plaintiff has been diagnosed with schizophrenia.  <u>See</u> Crowley Aff., Ex. 4, p. 2.

Cnty. of S.F., 277 F.3d 1114, 1120 (9th Cir.2002).  However, the court need not accept

conclusory allegations as truthful.  Holden v. Hagopian, 978 F.2d 1115, 1121 (9th Cir. 1992).

      A motion to dismiss under Rule 12(b)(6) will be granted if plaintiff alleges the "grounds"

of his "entitlement to relief" with nothing "more than labels and conclusions, and a formulaic

recitation of the elements of a cause of action [.]"  Bell Atl. Corp. v. Twombly, 550 U.S. 544,

555 (2007).  "Factual allegations must be enough to raise a right to relief above the speculative

level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in

fact)[.]"  Id.  (internal citations omitted).

      "To survive a motion to dismiss, a complaint must contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 129 S.

Ct. 1937, 1949 (2009) (internal quotation omitted).  "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged."  Id.  "[O]nly a complaint that states a plausible

claim for relief survives a motion to dismiss."  Id. at 1950.  The complaint must contain "well-

pleaded facts" which "permit the court to infer more than the mere possibility of misconduct."

Id.

      A motion to dismiss brought pursuant to Rule 12(b)(1), on the other hand, addresses the

court's subject matter jurisdiction.  The party asserting jurisdiction bears the burden of proving

that the court has subject matter jurisdiction over his claims.  Kokkonen v. Guardian Life Ins. Co.

of Am., 511 U.S. 375, 377 (1994).

      A Rule 12(b)(1) motion may attack the substance of the complaint's jurisdictional

allegations even though the allegations are formally sufficient.  See Corrie v. Caterpillar, Inc.,

503 F .3d 974, 979-80 (9th Cir. 2007) (court treats motion attacking substance of complaint's jurisdictional allegations as a Rule 12(b)(1) motion); Dreier v. United States, 106 F.3d 844, 847 (9th Cir. 1996) ("[U]nlike a Rule 12(b)(6) motion, a Rule 12(b)(1) motion can attack the substance of a complaint's jurisdictional allegations despite their formal sufficiency[.]") (Internal quotation omitted).  The court may consider evidence outside the pleadings to resolve factual disputes.  See Dreier, 106 F.3d at 847 (a challenge to the court's subject matter jurisdiction under Rule 12(b)(1) may rely on affidavits or any other evidence properly before the court).

Pro se pleadings must be "liberally construed."  Allen v. Gold Country Casino, 464 F.3d 1044, 1048 (9th Cir. 2006).  Before dismissing a pro se litigant's complaint, the court must give the pro se litigant leave to amend his complaint unless it is "absolutely clear that the deficiencies of the complaint cannot be cured by amendment."  Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007).  If a pro se litigant is given leave to amend, the court must set out the complaint's deficiencies to assist the litigant in avoiding repetition of his errors.  Id.

## DISCUSSION

Judge Immergut contends Plaintiff's claims against her should be dismissed with prejudice because (1) the District of Oregon is not a proper forum for this matter; (2) she is entitled to judicial immunity; and (3) the State of Oregon has not waived its Eleventh Amendment immunity barring state law claims from being brought against it in federal court.  I address each argument in turn.

## I. The Rooker-Feldman Doctrine

Judge Immergut contends that the District of Oregon is not the proper forum for this action because this court lacks subject matter jurisdiction pursuant to the Rooker-Feldman

5 - ORDER

doctrine. "The Rooker-Feldman doctrine is a well-established jurisdictional rule prohibiting federal courts from exercising appellate review over final state court judgments." Reusser v. Wachovia Bank, N.A., 525 F.3d 855, 858-59 (9th Cir. 2008). "Under the Rooker-Feldman doctrine, federal district courts lack jurisdiction over cases that, in effect, seek review of state-court judgments." Denison v. Brown, No. 07-CV-1586-BR, 2008 WL 819329, at * 6 (D. Or. 2008) (citing AmerisourceBergen Corp. v. Roden, 495 F.3d 1143, 1153 (9th Cir. 2007)). "The doctrine bars a federal court's direct review of issues actually decided by state courts as well as claims that amount to nothing more than an impermissible collateral attack on prior state court decisions and that are inextricably intertwined with the . . . forbidden appeal." Id. (citing Ignacio v. Judges of U.S. Court of Appeals for Ninth Circuit, 453 F.3d 1160, 1166 (9th Cir. 2006)). "The clearest case for dismissal based on the Rooker-Feldman doctrine occurs when 'a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision . . . .'" Henrichs v. Valley View Dev., 474 F.3d 609, 613 (9th Cir. 2007) (quoting Noel v. Hall, 341 F.3d 1148, 1164 (9th Cir. 2003)).

The doctrine bars federal courts "from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." Reusser v. Wachovia Bank, N.A., 525 F.3d 855, 859 (9th Cir. 2008) (internal quotation omitted). An action brought in federal court constitutes such an appeal "if claims raised in the federal court action are 'inextricably intertwined' with [a] state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules." Id. "The Rooker-Feldman doctrine applies even when the challenge to the state-court decision involves federal constitutional issues, including those anchored in federally

protected rights to due process and equal protection."  Denison, No. CV-07-1586-BR, 2008 WL
819329 at *7 (citing Bates v. Jones, 131 F.3d 843, 856 (9th Cir. 1997)).

Plaintiff's action, in essence, seeks review of Judge Immergut's judgments.  In fact, his
complaint states that this action results from "the judgment handed down to [him] by Karen
Immergut."  Second Am. Compl., p. 1.  Plaintiff's action seeking a new trial, or in the alternative,
to "have the matter dismissed," essentially amounts to a de facto appeal of Judge Immergut's
prior decisions against him.  Furthermore, Plaintiff's claims are inextricably intertwined with the
state court rulings because the adjudication of his federal claims attack the legitimacy of and
attempt to undercut Judge Immergut's prior judgments against him.  See Noel, 341 F.3d at 1165
("The 'inextricably intertwined' analysis of Feldman applies to defeat federal district court
subject matter jurisdiction only when a plaintiff's suit is at least in part a forbidden de facto
appeal of a state court judgment.").  Plaintiff's claims are barred by the Rooker-Feldman
doctrine.

## II.  Judicial Immunity

Even assuming, arguendo, that Plaintiff's claims are not barred by the Rooker-Feldman
doctrine, they would still fail because Judge Immergut is entitled to absolute judicial immunity.

"Judges are absolutely immune from damages actions for judicial acts taken within the
jurisdiction of their courts. . . . A judge loses absolute immunity only when [the judge] acts in the
clear absence of all jurisdiction or performs an act that is not judicial in nature."  Schucker v.
Rockwood, 846 F.2d 1202, 1204 (9th Cir. 1988) (internal citations omitted).  "Judges retain their
immunity when they are accused of acting maliciously or corruptly, and when they are accused of
acting in error."  Thomas v. Marion Cnty. Or. Circuit Court, Civil No. 10-1090-BR, 2010 WL

5067913, at *2 (D. Or. 2010) (internal citations and quotations omitted).  Judges may be "subject to liability only when [they have] acted in the 'clear absence of all jurisdiction.'"  <u>Mullis v. U.S. Bankr. Court for the Dist. of Nev.</u>, 828 F.2d 1385, 1388 (9th Cir. 1985) (citation omitted).

Plaintiff's allegations against Judge Immergut relate to judicial acts.  Nothing in Plaintiff's complaint indicates Judge Immergut acted in the "clear absence of all jurisdiction."  As such, Judge Immergut is entitled to absolute immunity and Plaintiff's claim against her must be dismissed.  Having so concluded, I do not address Judge Immergut's remaining argument that the State of Oregon has not waived its Eleventh Amendment immunity.

**CONCLUSION**

Although a <u>pro se</u> plaintiff is generally given the opportunity to amend a complaint and cure any deficiencies identified by the court, the deficiencies in Plaintiff's complaint cannot be cured.  As set forth above, Plaintiff's claims against Judge Immergut are barred by the <u>Rooker-Feldman</u> doctrine and her conduct as alleged in the complaints constitute judicial acts entitled to absolute judicial immunity.  Even if Plaintiff were given leave to amend his complaint for the fourth time, it is clear that in this instance Plaintiff would be unable to overcome the application of the <u>Rooker-Feldman</u> doctrine and judicial immunity.  Accordingly, Judge Immergut's Motion to Dismiss (doc. #34) is granted, and Plaintiff's claims against Judge Immergut are dismissed with prejudice.

IT IS SO ORDERED.

Dated this ___28th___ day of June, 2011.

/s/ Marco A. Hernandez
Marco A. Hernandez
United States District Judge

8 - ORDER