IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DAN SILVER,

                Plaintiff,

    v.                                                No. 3:11-cv-92-HZ

CASCADIA BHC,                               OPINION & ORDER

                Defendant.

Dan Silver
15211 SE Division St.
Portland, OR 97236

        Plaintiff Pro Se

HERNÁNDEZ, District Judge:

        Pro se Plaintiff Dan Silver applies to proceed in forma pauperis in his appeal of this

action against Defendant Cascadia BHC. Plaintiff's application is denied.

STANDARDS

        Federal Rule of Appellate Procedure 24(a)(3) provides that:

        A party who was permitted to proceed in forma pauperis in a district court action . . .
        may proceed on appeal in forma pauperis without further authorization, unless the district
        court—before or after the notice of appeal is filed—certifies that the appeal is not taken

1- OPINION & ORDER

in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding[.]"

An appeal not taken in good faith is one that is frivolous, meaning the result is obvious or the arguments are wholly without merit. See Cannon v. Hawaii Corp. (In re Hawaii Corp.), 796 F.2d 1139, 1144 (9th Cir. 1986) (quoting Libby, McNeil, and Libby v. City National Bank, 592 F.2d 504, 515 (9th Cir. 1978).

DISCUSSION

Plaintiff was granted leave to proceed in forma pauperis (IFP) in this case on January 31, 2011. On September 1, 2011, the Court entered a judgment dismissing Plaintiff's case and denying any pending motions. See September 1, 2011 Judgment [75]. On December 8, 2014, Plaintiff filed a Notice of Appeal to the 9th Circuit [78] and the present motion for leave to proceed IFP.

I.      Failure to Demonstrate an Inability to Pay

Under 28 U.S.C. § 1915, a person applying to proceed IFP must demonstrate that he is "unable to pay" the fees for the proceedings or "give security therefor." Plaintiff's IFP application is incomplete and fails to demonstrate an inability to pay the court filing fee. In answer to Question 6, inquiring if Plaintiff owns any "real estate, stocks, bonds, securities, other financial instruments, automobiles or other valuable property," Plaintiff responded: "Canadian assetes [sic] industrial $1000." In answer to Question 7, inquiring if Plaintiff has any other assets, Plaintiff checked "No." However, in answer to Question 9, Plaintiff indicated that he pays "Washington County property tax." It is not clear on what property Plaintiff pays taxes. In addition, in answer to Question 4(f), Plaintiff indicated that within the last 12 months he received $100,000 from "arbitration aggrement [sic] living trust" and that he expects to receive $25,000 more in the future. Plaintiff provided no explanation for why he could not pay the court filing fee

2- OPINION & ORDER

using this money. Accordingly, Plaintiff's application for IFP is denied for failure to demonstrate an inability to pay.

II.     Good Faith

Even if Plaintiff could demonstrate an inability to pay, the Court would deny Plaintiff's IFP application because his appeal is not submitted in good faith. Federal Rule of Appellate Procedure 4(1) provides that, in a civil case, "the notice of appeal . . . must be filed with the district clerk within 30 days after the entry of the judgment or order appealed from." Here, Plaintiff attempts to file an appeal more than three years after the entry of judgment. Plaintiff's appeal is time-barred and, therefore, the appeal is not in good faith because "the result is obvious." See U.S. ex rel. Haight v. Catholic Healthcare W., 602 F.3d 949, 953 (9th Cir. 2010) ("[T]imely notice of appeal is a jurisdictional prerequisite.") (citing Browder v. Dir., Dep't of Corr., 434 U.S. 257, 264 (1978)).

## CONCLUSION

Plaintiff's application to proceed in forma pauperis [79] is DENIED.

IT IS SO ORDERED.

Dated this 16 day of Dec, 2014

*Marco Hernandez*
MARCO A. HERNÁNDEZ
United States District Judge

3- OPINION & ORDER